# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **1:13-CR-00001-LJO** |
| **Plaintiff-Respondent,** | |
| | **MEMORANDUM DECISION AND ORDER ON 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** (Doc. 17) |
| **v.** | |
| **RODOLFO CORONA-AYALA,** | |
| **Defendant-Petitioner.** | |

## I. <u>INTRODUCTION</u>

Rodolfo Corona-Ayala ("Petitioner") is a prisoner in federal custody proceeding pro se. Now before the Court is Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 motion"). For the reasons discussed below, the Court DENIES Petitioner's motion.

## II. <u>PROCEDURAL HISTORY</u>

On December 21, 2012, an arrest warrant was issued for Petitioner for being a deported alien found in the United States in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Doc. 1. He was subsequently indicted by a grand jury on the same charges. Doc. 8. On January 7, 2013, Petitioner was arraigned before Magistrate Judge Barbara A. McAuliffe. Doc. 9. Approximately two weeks later, Petitioner entered into a plea agreement. Doc. 10. The Plea Agreement provided:

> The defendant knowingly and voluntarily waives his Constitutional, statutory and legal rights to appeal his plea, conviction and sentence. This waiver of appeal includes, but is not limited to, an express waiver of defendant's right to appeal his plea, conviction and sentence on any ground, including any venue, statute of limitations, and mental competency issues, and any appeal right conferred by 18 U.S.C. § 3742. The defendant further agrees not to contest his plea, conviction and sentence in any post-conviction proceeding under 28 U.S.C.§ 2255 or 2241 or otherwise.

Doc. 10. On February 25, 2013, Petitioner was sentenced to 37 months imprisonment and 36

months of supervised release. Doc. 16. On November 10, 2014, Petitioner filed the instant §

2255 motion. Doc. 17. Petitioner alleged that his equal protection rights were violated because he

was denied entry into a halfway house or home detention due to the fact that he is a deportable

alien. Doc. 17 at 11-12.

### III. ANALYSIS

The right to attack collaterally one's conviction and sentence is granted by statute. A knowing

and voluntary waiver of such statutory right is enforceable. *United States v. Abarca*, 985 F. 2d 1012,

1014 (9th Cir. 1993). "A defendant's waiver of his appellate rights is enforceable if (1) the language of

the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and

voluntarily made." *United States v. Rahman*, 642 F. 3d 1257, 1259 (9th Cir. 2011) (citation omitted).

Generally, when a defendant knowing and voluntarily waives his rights to a federal habeas petition it

strips the district court of jurisdiction. *Washington v. Lampert*, 422 F. 3d 864, 870 (9th Cir. 2005).

Petitioner's plea agreement plainly states that he agreed not to contest his plea, conviction and sentence

in any post-conviction proceeding under 28 U.S.C. § 2255. Petitioner has not attacked the validity of his

waiver of his right to collaterally attack his conviction and sentence. Accordingly, Petitioner's collateral

attack on his conviction and sentence is precluded by a valid waiver.

Even if the § 2255 motion was not precluded by his waiver in his plea agreement; Petitioner's

motion fails on the merits. The Bureau of Prison ("BOP") policies preventing deportable aliens from

participating in certain programs, including community based programs such as halfway houses, does

not violate deportable aliens' equal protection rights. *McLean v. Crabtree*, 173 F. 3d 1176, 1186 (9th

Cir. 1999). To make a claim under equal protection, a plaintiff must show that the statute, either on its

face or in its enforcement, resulted in members of a certain group being treated differently from other

persons based on membership in that group. *Id.* at 1185. If such differences exist, "the court must

analyze under the appropriate level of scrutiny whether the distinction made between the groups is justified." *Id*. The Ninth Circuit in *McLean* ruled that prisoners with detainers were not a suspect class and therefore any differences in their treatment had to be analyzed using a rational basis test. *Id*. "The basis for the detainer exclusion is the BOP's reasonable concern that prisoners with detainers pose a flight risk during the community-based treatment phase. Excluding prisoners with detainers from participating in the community-based treatment phase is a reasonable means for eliminating this risk." *Id*. In accordance with the foregoing, the Court DENIES Petitioner's § 2255 motion.

### IV. Certificate of Appealability

A § 2255 petitioner cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, the petitioner must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the court has denied a § 2255 motion or claims within the motion on the merits, the petitioner must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong. *Id*. The Court finds that Petitioners have not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Court further finds that reasonable jurists would not find this Court's assessment of Petitioners' claims debatable or wrong. *Slack*, 529 U.S. at 483. Accordingly, this Court declines to issue a certificate of appealability.

## V. **CONCLUSION AND ORDER**

For the reason discussed above, this Court:

1.     DENIES Petitioners' § 2255 motion to vacate, set aside, or correct sentence; and

2.     DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **November 20, 2014**                 **/s/ Lawrence J. O'Neill**
                                         UNITED STATES DISTRICT JUDGE